Evan J. Smith
BRODSKY & SMITH
240 Mineola Boulevard
First Floor
Mineola, NY 11501
Telephone:   516.741.4977
Facsimile:   516.741.0626
esmith@brodskysmith.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSHUA BEGIN,<br><br>      Plaintiff,<br><br>vs.<br><br>KIMBALL INTERNATIONAL, INC., PATRICK E. CONNOLLY, SUSAN B. FRAMPTON, KRISTINE L. JUSTER, VALERIE R. LOVE, KIMBERLY K. RYAN, SCOTT M. SETTERSTEN, and THOMAS J. TISCHHAUSER,<br><br>      Defendants. | Case No.:<br><br>**Complaint For:**<br><br>(1) Violation of § 14 (a) of the Securities Exchange Act of 1934<br>(2) Violation of § 20(a) of the Securities Exchange Act of 1934<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, Joshua Begin ("Plaintiff"), by and through his attorneys, alleges upon information and belief, except for those allegations that pertain to him, which are alleged upon personal knowledge, as follows:

**SUMMARY OF THE ACTION**

1. Plaintiff brings this stockholder action against Kimball International, Inc. ("Kimball" or the "Company") and the Company's Board of Directors (the "Board" or the "Individual Defendants,", collectively with the Company, the "Defendants"), for violations of Sections 14(a) and 20(a) of the Securities and Exchange Act of 1934 (the "Exchange Act") as a result of Defendants' efforts to sell the Company to HNI Corporation ("Parent"), through merger

- 1 -

vehicle Ozark Merger Sub, Inc. ("Merger Sub," and together with Parent, "HNI") as a result of an unfair process, and to enjoin an upcoming stockholder vote on a proposed cash and stock transaction (the "Proposed Transaction").

2. The terms of the Proposed Transaction were memorialized in a March 10, 2023, filing with the Securities and Exchange Commission ("SEC") on Form 8-K attaching the definitive Agreement and Plan of Merger (the "Merger Agreement").

3. Under the terms of the Merger Agreement, each existing share of Kimball common stock will be converted into the right to receive $9.00 in cash and 0.1301 shares of HNI common stock.

4. On April 17, 2023, HNI filed a Registration Statement on Form S-4 with the SEC in support of the Proposed Transaction, (amended on April 19, 2023 on Form S-4/A (the "Registration Statement").

5. The Registration Statement omits and/or misrepresents material information concerning, among other things: (a) the sales process and in particular certain conflicts of interest for management; (b) the financial projections for Kimball and HNI, provided by Kimball and HNI management to the Board and the Board's financial advisor J.P. Morgan Securities LLC ("J.P. Morgan") (c) the data and inputs underlying the financial valuation analyses, if any, that purport to support the fairness opinion created by J.P. Morgan, if any, and provide to the Company and the Board.

6. This action seeks to enjoin the Proposed Transaction.

## PARTIES

7. Plaintiff is a citizen of Washington and, at all times relevant hereto, has been a Kimball stockholder.

8. Defendant Kimball engages in the manufacture and sale of furniture products under the Kimball, National, Etc., Interwoven, Kimball Hospitality, D'style, and Poppin brands in the United States and internationally.

9. Defendant Patrick E. Connolly ("Connolly") has been a Director of the Company at all relevant times. In addition Defendant Connolly serves as Chair of the Company Board.

10. Defendant Susan B. Frampton ("Frampton") has been a director of the Company at all relevant times.

11. Defendant Kristine L. Juster ("Juster") has been a director of the Company at all relevant times. In addition Defendant Juster serves as the Chief Executive Officer ("CEO") of the Company.

12. Defendant Valerie R. Love ("Love") has been a director of the Company at all relevant times.

13. Defendant Kimberly K. Ryan ("Ryan") has been a director of the Company at all relevant times.

14. Defendant Scott M. Settersten ("Settersten") has been a director of the Company at all relevant times.

15. Defendant Thomas J. Tischhauser ("Tischhauser") has been a director of the Company at all relevant times.

16. Defendants identified in ¶¶ 9 - 15 are collectively referred to as the "Individual Defendants."

**JURISDICTION AND VENUE**

17. This Court has subject matter jurisdiction pursuant to Section 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1331 (federal question jurisdiction) as Plaintiff alleges

violations of Sections 14(a) and 20(a) of the Exchange Act. This action is not a collusive one to confer jurisdiction on a court of the United States, which it would not otherwise have. The Court has supplemental jurisdiction over any claims arising under state law pursuant to 28 U.S.C. § 1367.

18. Personal jurisdiction exists over each defendant either because the defendant conducts business in or maintains operations in this District, or is an individual who is either present in this District for jurisdictional purposes or has sufficient minimum contacts with this District as to render the exercise of jurisdiction over defendant by this Court permissible under traditional notions of fair play and substantial justice.

19. Venue is proper in this District pursuant to 28 U.S.C. § 1391, because each of the Individual Defendants, as Company officers or directors, has extensive contacts within this District; for example, the Company's stock trades on the NASDAQ Exchange which is headquartered in this District.

## SUBSTANTIVE ALLEGATIONS

*Company Background*

20. Kimball engages in the manufacture and sale of furniture products under the Kimball, National, Etc., Interwoven, Kimball Hospitality, D'style, and Poppin brands in the United States and internationally.

21. The Company's most recent performance press release, revealing performance results from the year preceding the announcement of the Proposed Transaction, indicated impressive clinical success. For example, in the February 2, 2023 press release announcing its Q2 2023 financial results, the Company highlighted such successes as net sales of $183 million, a year-on-year increase of 21%.

22. The Individual Defendants have caused Kimball to enter into the Proposed Transaction without providing requisite information to Plaintiff.

*The Proposed Transaction*

23. On March 8, 2023, HNI and Kimball issued a joint press release announcing the Proposed Transaction. The press release stated, in relevant part:

> **MUSCATINE, Iowa and JASPER, Ind., March 8, 2023** – HNI Corporation (NYSE: HNI) and Kimball International, Inc. (NASDAQ: KBAL) today announced that they have entered into a definitive agreement under which HNI will acquire all the outstanding shares of Kimball International in a cash and stock transaction valued at approximately $485 million.
>
> Under the terms of the agreement, Kimball International shareholders will receive $9.00 in cash and 0.1301 shares of HNI common stock for each share of Kimball International common stock they own. As a result of the transaction, Kimball International shareholders will own approximately 10% of the combined company.
>
> "We are excited about joining with Kimball International, a high-quality company we have long admired for its recognized brands, furnishings expertise built over 70 years, and established relationships across multiple sectors. The combined company will have a stronger platform for growth, delivering significant benefits for our shareholders, members, dealers, and customers. We look forward to welcoming the talented Kimball International employees to HNI," said Jeff Lorenger, HNI's Chairman, President, and Chief Executive Officer.
>
> Kimball International is a commercial furnishings company with a well-established family of brands and extensive expertise in the workplace, health, and hospitality segments. HNI and Kimball International share similar cultures and values with a commitment to customer service and operational excellence. In addition, both companies have strong brand positions and complementary product portfolios.
>
> A combined HNI and Kimball International will have a broader, more comprehensive product offering, tailored go-to-market strategies, and enhanced manufacturing capabilities. Kimball International's strong presence in secondary geographic areas and expertise in ancillary products will enable the combined company to better benefit from post-pandemic trends in the fastest growing markets.
>
> Kristie Juster, Kimball International's Chief Executive Officer said, "I'm incredibly proud of what we have built at Kimball International, and this agreement is a testament to our team's commitment and dedication. Joining HNI is an important next step in our company's history and will provide our employees with

more opportunities for career growth and development as part of a larger, more diversified industry leader that also shares our deeply rooted values. We are confident that combining with HNI represents the ideal fit for our family of brands and will deliver enhanced value to all stakeholders."

Following the close of the transaction, the combined company will continue to be led by Jeff Lorenger, HNI's Chairman, President, and Chief Executive Officer. Juster will remain in her current role with Kimball International until the closing to ensure a seamless transition.

Attractive Financial Profile

The combined company will have pro forma annual revenue of approximately $3.1 billion and pro forma adjusted EBITDA of approximately $290 million, inclusive of annual run-rate synergies, based on each company's respective last reported 12 months. The combination is expected to generate $25 million of annual run-rate cost synergies within three years of closing.

Based on HNI's closing share price as of March 7, 2023, the last day prior to today's announcement, the total implied per share consideration equals $12.90, representing a premium on Kimball International's 30-day VWAP of 81%. The consideration implies a valuation multiple of approximately 6.8x calendar year 2022 adjusted EBITDA, inclusive of synergies.

Approvals and Closing

The transaction has been unanimously approved by the Boards of Directors of both companies and is expected to close by mid-2023, subject to the approval of Kimball International shareholders, the receipt of required regulatory approval, and the satisfaction of other customary closing conditions.

Advisors

Rothschild & Co is serving as financial advisor to HNI, and Davis Polk & Wardwell LLP is serving as legal counsel. J.P. Morgan Securities LLC is serving as financial advisor to Kimball International, and ArentFox Schiff LLP is serving as legal counsel.

***The Materially Misleading and/or Incomplete Registration Statement***

24.  The Kimball Board caused to be filed with the SEC a materially misleading and incomplete Registration Statement that, in violation the Exchange Act and failed to provide Plaintiff in his capacity as a Company stockholder with material information and/or provides

materially misleading information critical to the total mix of information available to Plaintiff concerning the financial and procedural fairness of the Proposed Transaction.

*Omissions and/or Material Misrepresentations Concerning the Sales Process leading up to the Proposed Transaction*

25. The Registration Statement fails to disclose material information concerning the process conducted by the Company and the events leading up to the Proposed Transaction. In particular, the Registration Statement fails to disclose:

   a. Whether the confidentiality agreements entered into by the Company with HNI differed from any other unnamed confidentiality agreement entered into between the Company and an interested third parties;

   b. All specific conditions under which any standstill provision contained in any entered confidentiality agreement entered into between the Company and potentially interested third parties throughout the sales process, including HNI, would fall away; and

   c. Adequate and complete disclosure of communications regarding post-transaction employment during the negotiation of the underlying transaction must be disclosed to stockholders.

*Omissions and/or Material Misrepresentations Concerning Kimball's Financial Projections*

26. The Registration Statement fails to provide material information concerning financial projections for Kimball provided by Kimball management to the Board and J.P. Morgan and relied upon by J.P. Morgan in its analyses. The Registration Statement discloses management-prepared financial projections for the Company which are materially misleading.

27. The Registration Statement should have, but fails to provide, certain information in the projections that Kimball management provided to the Board and J.P. Morgan. Courts have uniformly stated that "projections … are probably among the most highly-prized disclosures by investors. Investors can come up with their own estimates of discount rates or [] market multiples. What they cannot hope to do is replicate management's inside view of the company's prospects." *In re Netsmart Techs., Inc. S'holders Litig.*, 924 A.2d 171, 201-203 (Del. Ch. 2007)

28. With regard to the *Kimball Management Projections for Kimball*, the Registration Statement fails to disclose material line items, including the following:

    a. Adjusted EBITDA; and

    b. Unlevered Free Cash Flow.

29. The Registration Statement also fails to disclose a reconciliation of all non-GAAP to GAAP metrics utilized in the projections.

30. This information is necessary to provide Plaintiff, in his capacity as a Company stockholder, a complete and accurate picture of the sales process and its fairness.

31. The Board has violated the Exchange Act by failing to include such information in the Registration Statement.

*Omissions and/or Material Misrepresentations Concerning HNI's Financial Projections*

32. The Registration Statement fails to provide material information concerning financial projections for HNI provided by Kimball management and HNI management to the Board and J.P. Morgan and relied upon by J.P. Morgan in its analyses. The Registration Statement discloses management-prepared financial projections for the Company which are materially misleading.

33. The Registration Statement should have, but fails to provide, certain information in the projections that Kimball management and HNI management provided to the Board and J.P. Morgan. Courts have uniformly stated that "projections … are probably among the most highly-prized disclosures by investors. Investors can come up with their own estimates of discount rates or [] market multiples. What they cannot hope to do is replicate management's inside view of the company's prospects." *In re Netsmart Techs., Inc. S'holders Litig.*, 924 A.2d 171, 201-203 (Del. Ch. 2007)

34. With regard to the *HNI Projections* prepared by HNI management the Registration Statement fails to disclose material line items, including the following:

    a. Adjusted EBITDA; and

    b. Unlevered Free Cash Flow.

35. With regard to the *Kimball Management Projections for HNI*, the Registration Statement fails to disclose material line items, including the following:

    a. Adjusted EBITDA; and

    b. Unlevered Free Cash Flow.

36. The Registration Statement also fails to disclose a reconciliation of all non-GAAP to GAAP metrics utilized in the projections.

37. This information is necessary to provide Plaintiff, in his capacity as a Company stockholder, a complete and accurate picture of the sales process and its fairness.

38. The Board has violated the Exchange Act by failing to include such information in the Registration Statement.

*Omissions and/or Material Misrepresentations Concerning the Financial Analyses by J.P. Morgan*

39. In the Registration Statement, J.P. Morgan describes its fairness opinion and the various valuation analyses performed to render such opinion. However, the descriptions fail to include necessary underlying data, support for conclusions, or the existence of, or basis for, underlying assumptions. Without this information, one cannot replicate the analyses, confirm the valuations or evaluate the fairness opinions.

40. With respect to the *Public Trading Multiples* Analysis, the Registration Statement fails to disclose:

   a. The specific reason why only three public companies were compared, one of which was HNI;

   b. The specific metrics for each compared public companies; and

   c. The specific inputs and assumptions used to determine the utilized multiple reference range for FV/2023E Adj. EBITDA of 5.5x – 8.0x.

41. With respect to the *Discounted Cash Flow Analysis*, the Registration Statement fails to disclose:

   a. The range of terminal values calculated for Kimball;

   b. The range of terminal values calculated for HNI;

   c. The specific inputs, metrics, and assumptions used to determine the utilized perpetual growth rates range of 1.0% to 2.0%;

   d. The specific inputs, metrics, and assumptions used to determine the utilized discount rate ranges of 9.25% to 10.75% for both Kimball and HNI;

   e. Kimball's weighted average cost of capital utilized, and the specific inputs and assumptions used to determine the same;

      f. HNI's weighted average cost of capital utilized, and the specific inputs and assumptions used to determine the same;

      g. Kimball's projected net debt as of March 31, 2023; and

      h. HNI's projected net debt as of March 31, 2023.

42. With respect to the *Value Creation Analysis*, the Registration Statement fails to disclose:

      a. The estimated value of the Synergies utilized, as well as the specific inputs and assumptions used to determine the same; and

      b. The specific inputs, metrics, and assumptions used to determine the utilized discount rate of 10.0%.

43. These disclosures are critical for Plaintiff to be able to make an informed decision on whether to vote in favor of the Proposed Transaction.

44. The Board has violated the Exchange Act by failing to include such information in the Registration Statement.

## FIRST COUNT

### Violations of Section 14(a) of the Exchange Act

### (Against All Defendants)

45. Plaintiff repeats all previous allegations as if set forth in full herein.

46. Defendants have disseminated the Registration Statement with the intention of soliciting stockholders, including Plaintiff, to vote in favor of the Proposed Transaction.

47. Section 14(a) of the Exchange Act requires full and fair disclosure in connection with the Proposed Transaction. Specifically, Section 14(a) provides that:

It shall be unlawful for any person, by the use of the mails or by any means or instrumentality of interstate commerce or of any facility of a national securities exchange or otherwise, in contravention of such rules and regulations as the [SEC] may prescribe as necessary or appropriate in the public interest or for the protection of investors, to solicit or to permit the use of his name to solicit any proxy or consent or authorization in respect of any security (other than an exempted security) registered pursuant to section 78*l* of this title.

48. As such, SEC Rule 14a-9, 17 C.F.R. 240.14a-9, states the following:

No solicitation subject to this regulation shall be made by means of any proxy statement, form of proxy, notice of meeting or other communication, written or oral, containing any statement which, at the time and in the light of the circumstances under which it is made, is false or misleading with respect to any material fact, or which omits to state any material fact necessary in order to make the statements therein not false or misleading or necessary to correct any statement in any earlier communication with respect to the solicitation of a proxy for the same meeting or subject matter which has become false or misleading.

49. The Registration Statement was prepared in violation of Section 14(a) because it is materially misleading in numerous respects and omits material facts, including those set forth above. Moreover, in the exercise of reasonable care, Defendants knew or should have known that the Registration Statement is materially misleading and omits material facts that are necessary to render them non-misleading.

50. The Individual Defendants had actual knowledge or should have known of the misrepresentations and omissions of material facts set forth herein.

51. The Individual Defendants were at least negligent in filing a Registration Statement that was materially misleading and/or omitted material facts necessary to make the Registration Statement not misleading.

52. The misrepresentations and omissions in the Registration Statement are material to Plaintiff, and Plaintiff will be deprived of his entitlement to decide whether to vote his shares in favor of the Proposed Transaction on the basis of complete information if such misrepresentations and omissions are not corrected prior to the stockholder vote regarding the Proposed Transaction.

## SECOND COUNT

## Violations of Section 20(a) of the Exchange Act

## (Against all Individual Defendants)

53. Plaintiff repeats all previous allegations as if set forth in full herein.

54. The Individual Defendants were privy to non-public information concerning the Company and its business and operations via access to internal corporate documents, conversations and connections with other corporate officers and employees, attendance at management and Board meetings and committees thereof and via reports and other information provided to them in connection therewith. Because of their possession of such information, the Individual Defendants knew or should have known that the Registration Statement was materially misleading to Plaintiff in his capacity as a Company stockholder.

55. The Individual Defendants were involved in drafting, producing, reviewing and/or disseminating the materially false and misleading statements complained of herein. The Individual Defendants were aware or should have been aware that materially false and misleading statements were being issued by the Company in the Registration Statement and nevertheless approved, ratified and/or failed to correct those statements, in violation of federal securities laws. The

Individual Defendants were able to, and did, control the contents of the Registration Statement. The Individual Defendants were provided with copies of, reviewed and approved, and/or signed the Registration Statement before its issuance and had the ability or opportunity to prevent its issuance or to cause it to be corrected.

56.     The Individual Defendants also were able to, and did, directly or indirectly, control the conduct of Kimball's business, the information contained in its filings with the SEC, and its public statements.  Because of their positions and access to material non-public information available to them but not the public, the Individual Defendants knew or should have known that the misrepresentations specified herein had not been properly disclosed to and were being concealed from Plaintiff and Company, and that the Registration Statement was misleading.  As a result, the Individual Defendants are responsible for the accuracy of the Registration Statement and are therefore responsible and liable for the misrepresentations contained herein.

57.     The Individual Defendants acted as controlling persons of Kimball within the meaning of Section 20(a) of the Exchange Act.  By reason of their position with the Company, the Individual Defendants had the power and authority to cause Kimball to engage in the wrongful conduct complained of herein.  The Individual Defendants controlled Kimball and all of its employees.  As alleged above, Kimball is a primary violator of Section 14 of the Exchange Act and SEC Rule 14a-9.  By reason of their conduct, the Individual Defendants are liable pursuant to section 20(a) of the Exchange Act.

WHEREFORE, Plaintiff demands injunctive relief, in his favor and against the Defendants, as follows:

A.     Enjoining the Proposed Transaction;

B. In the event Defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C. Directing the Individual Defendants to exercise their fiduciary duties to disseminate a Registration Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

E. Granting such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury on all issues which can be heard by a jury.

Dated: April 28, 2023    **BRODSKY & SMITH**

        By: *Evan J. Smith*
          Evan J. Smith
          240 Mineola Boulevard
          Mineola, NY 11501
          Phone: (516) 741-4977
          Facsimile (561) 741-0626

          *Counsel for Plaintiff*

**OF COUNSEL**
Douglas Risen
Risen Law, LLC
1900 JFK Blvd., Suite 910
Philadelphia, PA 19103
Phone: 215.201.2824
drisen@comcast.net